**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| ASBURY PARK MUNICIPAL COURT, | : | CIVIL ACTION NO. 09-1260 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| MUEEDNA WALKER, | : | |
| Defendant. | : | |

**MUEEDNA WALKER** (1) filing a purported Notice Of Removal on March 9, 2009, for this action from Asbury Park Municipal Court, and (2) applying to proceed in forma pauperis, see 28 U.S.C. § 1915 ("Application") (dkt. entry no. 1, Notice of Removal & Application);[1] and the Court, based upon Walker's assertions in support of the Application, intending to (1) grant the Application, and (2) direct the Clerk of the Court to file the Notice of Removal;[2] and

**IT APPEARING** that if the Court lacks jurisdiction over a purportedly-removed action, and it has been removed by a pro se party who has been granted in-forma-pauperis relief, then the

---

[1] This action was assigned to this Judge on March 20, 2009. (See dkt. entry no. 1 (entry date).)

[2] The Court is granting the Application, even though Walker's responses thereon appear to be dubious. The Application asserts that Walker has been unemployed for the last year and has no savings or assets, yet asserts that Walker receives no support or assistance from any source. (See Application at 1-2.)

Court may summarily (1) remand an action to the extent that it can be viewed as being removed, and (2) dismiss a notice of removal to the extent that it can be viewed as asserting new allegations, see Pa. St. Police v. Vora, 140 Fed.Appx. 433, 433 (3d Cir. 2005) (affirming order dismissing pro se party's notice of removal from municipal-court matter); Smith v. Church, No. 08-6378, 2009 WL 68985, at *1-*2 (D.N.J. Jan. 12, 2009) (summarily dismissing pro se party's notice of removal from state-court child-custody matter); Pallino Receivable I v. Johnson, No. 08-142, 2008 WL 2048018, at *1-*2 (D. Del. May 13, 2008) (summarily remanding action — which was removed by pro se defendant — for lack of jurisdiction); see also 28 U.S.C. § 1915(e)(2)(B); and

    **THE COURT** construing Walker's pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept[ing] as true all of the allegations . . . and all reasonable inferences that can be drawn therefrom, and view[ing] them in the light most favorable to the plaintiff", Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); but it appearing that the Court need not credit bald assertions or legal conclusions, id.; and

    **IT APPEARING** that Walker may be asserting claims against parties not listed in the caption (see Notice of Removal at 2); and Federal Rule of Civil Procedure 10(a) stating that a caption "must name all the parties"; and Walker apparently failing to meet the "minimal requirement[]" of drafting a pleading "on which

2

the caption indicates plainly all parties against whom [he] seeks to proceed", and the "[p]utative defendants should not be required to speculate as to whether or not they are parties to a lawsuit", Dickerson v. Montgomery County D.A. Office, No. 04-4454, 2004 WL 2861869, at *3 (E.D. Pa. Dec. 10, 2004) (dismissing pro se complaint with caption naming "Montgomery County District Attorney's Office, et al" as only defendant); see Connolly v. Tennis, No. 07-1681, 2007 WL 3237460, at *1 (M.D. Pa. Oct. 30, 2007) (striking pro se complaint listing "Franklin Tennis, et al" in caption, but not listing other defendants by name); and it appearing that the entire Notice of Removal could be struck for this reason alone; and

**IT APPEARING** that Walker — although annexing no relevant document to the Notice of Removal — is attempting to (1) remove a municipal-court proceeding concerning charges brought against Walker on December 9, 2008, for driving while intoxicated, refusing to take a breath test, leaving an accident scene, and obstructing the administration of justice ("State Charges"), and (2) perhaps bring claims under 42 U.S.C. § ("Section") 1983 (see Notice of Removal at 1-4), see Monmouth County Police Blotter, Asbury Park Press, Jan. 22, 2009 (under subheadings "Asbury Park" and "Seventh Avenue"); and

**IT APPEARING** that to the extent that Walker is attempting to bring claims against the Municipal Court overseeing the State

3

Charges, those claims are barred under the absolute-immunity doctrine applicable to judicial acts; and it appearing that courts cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly, see Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000); and

**IT APPEARING** that to the extent that Walker is attempting to have this Court review Walker's pending proceedings in Asbury Park Municipal Court, such a review by a federal court is barred, see Younger v. Harris, 401 U.S. 37, 43-45 (1971) (stating federal court may not interfere with pending state criminal proceeding); and

**IT APPEARING** that the State Charges are pending; and it appearing — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — that if a judgment in favor of a Section 1983 claimant would hypothetically render a criminal conviction or sentence invalid, then the Section 1983 claim is barred until the conviction is overturned, see Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005); and it appearing that when an indicted claimant brings a Section 1983 claim

> before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common

>     practice, to stay the civil action until the criminal
>     case or the likelihood of a criminal case is ended

Wallace v. Kato, 549 U.S. 384, 393-94 (2007); and

**IT APPEARING** that Walker's apparent Section 1983 claim must be dismissed without prejudice to recommence such a claim in a new action upon resolution of the State Charges, see Zhai v. Cedar Grove Municipality, 183 Fed.Appx. 253, 255 (3d Cir. 2006) (applying Heck to municipal-court proceeding); and

**IT APPEARING** that (1) the State Charges were brought on December 9, 2008, (2) Walker was aware of them, and (3) Walker did not file any papers in federal court until March 9, 2009; and thus it appearing that Walker's pleading, to the extent that it may be construed as a notice of removal, was untimely, see 28 U.S.C. § 1446(b) (concerning deadline of thirty days to seek removal);[3] and

**THE COURT** thus intending to deem (1) the action remanded for lack of jurisdiction to the extent that Walker's pleading may be viewed as a notice of removal, and (2) Walker's pleading

---

[3] Walker also appears to assert "rights of indigenous peoples" pursuant to, inter alia, "the Treaty of Watertown 1776". (Notice of Removal at 2.) This assertion merits no analysis. See United States v. $7,000.00 in U.S. Currency, 583 F.Supp.2d 725, 731 (M.D.N.C. 2008) (stating same allegations "are so completely and utterly without merit that they are an affront to this court and to anyone of Native American heritage" and "[have no] application whatsoever").

5

dismissed for failure to state a claim and for seeking monetary relief against a defendant who is immune from such relief, to the extent that it may be viewed as asserting new allegations; and for good cause appearing, the Court will issue an appropriate Order and Judgment.

                                                              s/ Mary L. Cooper  
                                                              **MARY L. COOPER**  
                                                              United States District Judge

Dated:  March 24, 2009